1  MCGREGOR W. SCOTT
   United States Attorney
2  KATHLEEN A. SERVATIUS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5
6  Attorneys for Plaintiff
   United States of America
7
8                   IN THE UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11 UNITED STATES OF AMERICA,            **CASE NO.  1:19-CR-00007-DAD-BAM**
12                 Plaintiff,           **STIPULATION TO CONTINUE STATUS**
                                        **CONFERENCE AND ORDER**
13           v.
14 HECTOR OCHOA, ET. AL.                Date: June 8, 2020
                                        Time: 10:00 a.m.
15                 Defendants.          Honorable Barbara A. McAuliffe
16
17
18       The United States of America, by and through MCGREGOR W. SCOTT, United States

19 Attorney, and KATHLEEN A. SERVATIUS and KATHERIN A. SCHUH, Assistant United States

20 Attorneys, and the defendant Hector Ochoa, by and through his attorney of record, hereby stipulate to

21 continue the status conference in this case from June 8, 2020 until September 14, 2020 at 1:00 p.m.

22       On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

23 Eastern District of California until further notice.  This General Order was entered to address public

24 health concerns related to COVID-19.  Further, pursuant to General Order 611, this Court's declaration

25 of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April

26 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue

27 all criminal matters to a date after May 1, 2021.[1]

28       _____
        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
        request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

STIPULATION TO CONTINUE STATUS CONFERENCE                    1
AND TO EXCLUDE TIME

1   Although the General Orders and declaration of emergency address the district-wide health

2   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such

6   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7   (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

8   findings on the record "either orally or in writing").

9   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 6111, 612, 617, and 618 and the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26   by the statutory rules.

27   ///

28

---

will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    In light of the societal context created by the foregoing, this Court should consider the following

2  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

4  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5  pretrial continuance must be "specifically limited in time").

6    The parties request that time be excluded between June 8, 2020 and September 14, 2020 for the

7  following reasons:  defense require additional time to consult with his client, to review the current

8  charges, to conduct investigation and research related to the charges, to review and copy discovery for

9  this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise

10  prepare for trial.   Defense investigation has been slowed by the inability to review discovery with their

11  clients and communication has been hampered given the conditions at the jail.  The case involves

12  several seizures, approximately 10,300 pages of discovery, and discovery in the form of several

13  gigabytes.   The proposed status conference date represents the earliest date that all counsel are available

14  thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and

15  the need for preparation in the case and further investigation.  In addition, the public health concerns

16  cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented

17  by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because

18  counsel or other relevant individuals have been encouraged to telework and minimize personal contact

19  to the greatest extent possible.

20    The parties further believe that time should be excluded, in that failure to grant the requested

21  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

22  both the defendants and the government the reasonable time necessary for effective preparation, taking

23  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

24  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

25  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

26

27    [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

28

1    Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from

2    calculations under the Speedy Trial Act.

3            The defendant is exploring a resolution of his case and will place the matter on for change of

4    plea should a resolution be reached.

5     Dated: June 3, 2020                              MCGREGOR W. SCOTT
                                                        United States Attorney
6

7                                                       /s/ *Kathleen A. Servatius*
                                                        KATHLEEN A. SERVATIUS
8                                                       Assistant United States Attorney

9

10   DATED:  June 3, 2020                               /s/ *Richard M. Oberto*
11                                                      Richard M. Oberto
                                                        Attorney for Defendant
12

13                                          **<u>ORDER</u>**

14           IT IS HEREBY ORDERED that the trial in this case be continued from June 8, 2020 until

15   **September 14, 2020 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

16           IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

17   requested outweigh the interest of the public and the defendants in a trial within the original date

18   prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

19   computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

20   commence, the time period of July 10, 2018 through September 25, 2018, inclusive, is deemed

21   excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by

22   the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

23   taking such action outweigh the best interest of the public and the defendant in a speedy trial.

24   IT IS SO ORDERED.

25    Dated:   **June 3, 2020**                /s/ *Barbara A. McAuliffe*
26                                              UNITED STATES MAGISTRATE JUDGE

27

28